UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

SENIOR SERVICES OF PALM BEACH,
LLC, d/b/a ALWAYS BEST CARE OF
PALM BEACH

  Plaintiff,

v.

ABCSP, INC.,

  Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, SENIOR SERVICES OF PALM BEACH, LLC, d/b/a ALWAYS BEST CARE OF PALM BEACH, by and through undersigned counsel, hereby sue Defendant, ABCSP, INC., and states as follows:

**INTRODUCTION**

    1.    This is a civil action brought by SENIOR SERVICES OF PALM BEACH, LLC, d/b/a Always Best Care of Palm Beach ("Plaintiff" or "Plaintiff Corporation") and against ABCSP, Inc., ("Defendant Franchisor" or "Defendant") for a Declaratory Judgment, violation of The Florida Unfair and Deceptive Trade Practices Act, violation of The Florida Franchise Act, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Fraudulent Inducement, Intentional Infliction of Emotional Distress, Negligent Misrepresentation, Rescission.

**PARTIES, JURISDICTION AND VENUE**

    2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

    3.    Defendant is a corporation with its principal place of business in Roseville,

1

California.

4.  Plaintiff is a corporation with its principal place of business in Lake Worth, Florida.

5.  The amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

6.  Venue is proper in this District under 28 U.S.C. § 1391(a), in that a substantial part of the events or omissions giving rise to the claim occurred in and a substantial part of property that is the subject of the action is situated in the judicial district.

7.  All conditions precedent to the filing of this action have been satisfied.

### FACTUAL ALLEGATIONS

8.  On or about March, 2009, Plaintiff purchased an Always Best Care franchise from Defendant Franchisor. A copy of the Franchise Agreement is attached hereto as **Exhibit "A."**

9.  Plaintiff was the first franchise that Defendant Franchisor sold in the state of Florida.

10. The franchise sold to Plaintiff was represented by Defendant as a business providing in home "personal care" and assisted living facility placement ("placement") services.[1] In fact, Defendant Franchisor expressed to Plaintiff that "The profit margin in this proprietary service (the placement services) is huge and it will give you that extra earning power that the competition does not have."[2] In assessing the value of the franchise when deciding whether to purchase, Plaintiff relied on the ability to offer both of these services.

---

[1] See FDD provided to Plaintiff prior to purchase, attached hereto as **Exhibit "B,"** at page 1. (without exhibits). ("The system includes a method of providing the public with non-medical personal care and assisted living/residential care placement services…")

[2] See ABC "Franchise Opportunities in Senior Care" brochure, attached hereto as **Exhibit "C,"** provided to Plaintiff as an enticement to purchase a franchise.

11. The placement aspect of Defendant's franchise model involves the franchisees making patient referrals to assisted living facilities in exchange for referral fees. When Plaintiff purchased its ABC franchise, Defendant Franchisor expressed to Plaintiff that the profit margin for the placement services is much greater than that for the in-home services, and that Defendant Franchisor had national contracts with large assisted living facilities to benefit the franchisor's placement aspect of their business.

12. However, Plaintiff later found out on its own, subsequent to its purchase of the franchise, that the provision of placement services, in the manner outlined by Defendant Franchisor, is in contravention of Fla. Stat. § 429.195 and §817.505. See contracts, attached hereto as **Composite Exhibit "D."**

13. Plaintiff trusted, based on Defendant's experience in the industry, that it was receiving reliable guidance, necessary instructions, and dependable information from Defendant in the purchase and operation of its franchise. Plaintiff considered these factors to be a large part of the value bargained for in the purchase of their franchise.

14. However, the Franchise Disclosure Document ("FDD") given to Plaintiff merely stated that a license was required to operate the type of service the franchise provides in Florida. It did not specify what type of license or make mention of the home health agency accreditation requirement enacted by the state of Florida in July, 2008, nearly a year prior to Plaintiff's purchase. See **Exhibit "B**,**"** supra, at 12.

15. Plaintiff was forced to conduct extensive amounts of research to learn the differences between the numerous Florida in-home and health care licenses, as this information was not included in the documents provided to Plaintiff or in the initial training attended by Plaintiff.

16. Plaintiff relied on the FDD's representation that the licensing fees for the operation of Plaintiff's franchise would range from "$125-$500." See FDD, supra, at 11.

3

Garrity-Weiss, P.A.
1002 East Newport Center Drive, Suite 102, Deerfield Beach, Florida 33442
Broward (954) 570-6616              Fax (954) 570-6618

GW-M:11070

17.  In reality, the cost of obtaining the necessary Florida Home Health Agency license for the provision of "personal care" services using an employee model as required by the franchisor, including the costs incurred during the required accreditation process, was nearly $20,000, not including the foregone income during the lengthy accreditation time period in which Plaintiff could not operate its business.

18.  The Florida license Plaintiff had to acquire required maintaining an office outside of the home, which is another added expense that the franchisor represented would be unnecessary. See **Exhibit "B**," supra, at page 11.

19.  Also, Plaintiff found out that caregiver background checks were twice as expensive in Florida than in other states given they had to be conducted by the Florida Department of Law Enforcement. This was yet another factor that was undisclosed to Plaintiff.

20.  Plaintiff also learned, through its own extensive research, that the marketing materials provided by Defendant were illegal in the state of Florida because they advertised services that Plaintiff could not legally offer in the state. See **Exhibit "E,"** attached hereto.

21.  Thus, Plaintiff was forced to bear the expense of creating its own marketing materials and client contracts in order to operate its Florida business.

22.  Further, Plaintiff realized that it had to charge far less than the amounts proposed by Defendant in order to compete in the Florida market.

23.  As a result of these factors, Defendant failed to fulfill its self-declared continuing obligation to "provide guidance and assistance in the operation of [Plaintiff's] Franchised Business," and to "provide advertising, promotional materials, and services to you," as promised in the FDD provided to Plaintiff. See **Exhibit "B,"** supra, at 18-19.

24.  As a further result, the profit formula provided to Plaintiff in its FDD was a misrepresentation given that it takes into account sources of profit that do not apply to Plaintiff as a Florida franchisee, and it does not take into account the exponentially increased

4

**Garrity-Weiss, P.A.**
1002 East Newport Center Drive, Suite 102, Deerfield Beach, Florida 33442
Broward (954) 570-6616                    Fax (954) 570-6618

GW-M:11070

expenditures of time and money expended by Plaintiff in order to operate its franchise in accordance with Florida laws.

25.     Plaintiff communicated these issues to Defendant Franchisor on numerous occasions, including the letter, sent on or about September 2009, attached hereto as **Exhibit "F."** The expression of these concerns to Defendant Franchisor was to no avail.

26.     Defendant also required Plaintiff to "achieve a minimum level of Gross Revenue equal to Fifteen Thousand Dollars ($15,000) each calendar month," beginning with the thirteenth month of its Franchised Business, and pay a six percent franchise fee. These requirements were completely unreasonable given that Plaintiff could not even obtain its applicable Florida operating license before the expiration of that time period, and that the figures assumed additional income from the operation of the placement aspect of the franchise model. See **Exhibit "A,"** supra, at 12, 19.

## COUNT I- DECLARATORY JUDGMENT

27.     Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 26 as if fully set forth herein and further states:

28.     Section 20.6.1(a)-(b) and 8.1.1(a)-(b) of the Franchise Agreement state that the "parties agree to submit any claim, controversy or dispute arising out of or relating to this Agreement…to Arbitration."

29.     These sections also state that "the arbitration shall take place at our corporate offices (in California) or at the American Arbitration Association office closest to our corporate offices."

30.     The Franchise Agreement is construed under California law. See **Exhibit "A,"** supra, at 9, 40.

5
**Garrity-Weiss, P.A.**
1002 East Newport Center Drive, Suite 102, Deerfield Beach, Florida 33442
Broward (954) 570-6616           Fax (954) 570-6618

GW-M:11070

31. California law finds Arbitration Clauses unconscionable where, as here, there is a forum selection clause that mandates place and manner restrictions that are unduly oppressive and arise from a contract of adhesion.[3]

32. Section 20.2 of the Franchise Agreement provides that "We and you may by written instrument unilaterally waive or reduce any obligation of or restriction upon the other under this Agreement…"

33. This waiver clause creates an illusory contract that is unconscionable.

34. Sections 20.6.1(d) and 8.1.1(d) of the Franchise Agreement state, "If we (the franchisor) shall desire to seek specific performance or other extraordinary relief including, but not limited to, injunctive relief under this Agreement…any such action shall not be subject to arbitration and we shall have the right to bring such action as described in Section 20.6.2 (describing court filings)." *Clarification added.*

35. This section is unfairly one-sided and severely prejudicial to Plaintiff, making it unconscionable.[4]

36. The Plaintiff is in doubt as to the validity of these contract provisions.

37. The Court is empowered with the jurisdiction to grant a declaratory judgment pursuant to Florida Statutes Section 86.011.

38. This dispute would be resolved through a declaration that states the parties' respective rights as they relate to (i) the unconscionability of the Arbitration Clause in sections 20.6.1(a)-(b) and 8.1.1(a)-(b) of the Franchise Agreement; (ii) the unconscionability of the waiver clause in section 20.2 of the Franchise Agreement; and (iii) the unconscionability of the restrictions on Plaintiff in section 20.6.1(d) and 8.1.1(d) of the Franchise Agreement.

---

[3] See Nagrampa v. MailCoups, Inc., 469 F.3d 1257; See also Higgins v. Superior Court, 140 Cal. App. 4th 1238 (Cal Ct. App.); Openshaw v. FedEx Ground Packaging Sys., 731 F. Supp. 2d 987.

[4] See Higgins, 140 Cal. App. 4th 1238.

Garrity-Weiss, P.A.
1002 East Newport Center Drive, Suite 102, Deerfield Beach, Florida 33442
Broward (954) 570-6616        Fax (954) 570-6618
GW-M:11070

**WHEREFORE**, Plaintiff respectfully requests that this court enter a declaratory judgment, pursuant to Chapter 86 of the Florida Statutes, declaring sections 20.6.1(a),(b),(d), 8.1.1(a),(b),(d), and 20.2 of the Franchise Agreement unconscionable and invalid, and awarding costs to Plaintiff.

### COUNT II – VIOLATION OF FLORIDA FRANCHISE ACT

86. Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 26 as if fully set forth herein and further states:

87. Defendant has violated Florida Statute § 817.416(2)(a)(1) by intentionally misrepresenting the costs and requirements of the franchised business, and therefore, the chances for success of the Always Best Care franchise sold to Plaintiffs.

88. Defendant has violated Florida Statute § 817.416(2)(a)(2) by making material misrepresentations to Plaintiff by failing to disclose the known required total investment for the Always Best Care franchise sold to Plaintiffs.

89. As a direct, proximate and foreseeable result of Defendant's violation of the Florida Franchise Act, Plaintiffs have suffered and continues to suffer substantial damages.

90. Pursuant to Florida Statute § 814.416(3), Plaintiffs are entitled to a judgment against Defendant for all sums invested as a result of Defendant's violation.

91. Pursuant to Florida Statute § 814.416(3), Plaintiffs are entitled to recover their reasonable attorneys' fees and costs incurred in bringing this action.

**WHEREFORE**, Plaintiffs, respectfully request that this court enter judgment in their favor and enter an award for money damages, actual and compensatory, in an amount to be determined at trial, attorneys' fees and costs incurred in bringing this action, and all such other and further relief this honorable Court deems just and proper.

7
**Garrity-Weiss, P.A.**
1002 East Newport Center Drive, Suite 102, Deerfield Beach, Florida 33442
Broward (954) 570-6616          Fax (954) 570-6618

GW-M:11070

### COUNT III – VIOLATION OF THE FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

39.     Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 26 as if fully set forth herein and further states:

40.     Defendant has violated Florida's Unfair and Deceptive Trade Practices Act ("FUDTPA"), Fla. Stat. § 501.203(3).

41.     Defendant has violated FUDTPA by engaging in unconscionable acts and/or unfair or deceptive acts, including: (1) understating the initial investment and initial operating costs involved with a Florida Always Best Care franchise; (2) failing to disclose and/or misrepresenting the licensure and accreditation process required to provide the franchise services in Florida in contravention of CFR 436; (3) mandating the use of materials that are illegal in the state of Florida; and (4) grossly misrepresenting the value of the Florida franchise purchased by Plaintiff.

42.     As a direct, proximate and foreseeable result of Defendant's violation of FUDTPA, Plaintiff has suffered and continues to suffer substantial damages.

43.     Pursuant to Florida Statute § 501.2105, Plaintiff is entitled to a judgment against Defendant for all sums invested as a result of Defendant's violation.

**WHEREFORE**, Plaintiff respectfully requests the Court enter Judgment in its favor along with an award for money damages, actual and compensatory, in an amount to be determined at trial, attorneys' fees and costs incurred in bringing this action, and any other relief this honorable Court deems just and proper.

### COUNT IV- BREACH OF CONTRACT

44.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 26 as if fully set forth herein and further states:

8
Garrity-Weiss, P.A.
1002 East Newport Center Drive, Suite 102, Deerfield Beach, Florida 33442
Broward (954) 570-6616          Fax (954) 570-6618

GW-M:11070

45.     The Franchise Agreement between Plaintiff and Defendant is a valid contract under Florida law.

46.     Defendant breached the contract by having an inability to legally offer in Florida a "placement services," which are material benefit of what Plaintiff bargained for in the terms of the contract. See Exhibit "A," supra, page 1.

47.     This material breach of the contract by the Defendant resulted in substantial damages to the part of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests the Court enter Judgment in its favor along with an award for money damages, actual and compensatory, in an amount to be determined at trial, and any other relief this honorable Court deems just and proper.

**COUNT V- BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

48.     Plaintiff incorporates each and every allegation set forth in paragraphs 1through 26 as if fully set forth herein and further states:

49.     The Franchise Agreement between the Plaintiff and Defendant give rise to express obligations and also give rise to mutual implied covenants of good faith and fair dealing between the parties.

50.     Under this covenant, each party has an obligation and duty to act fairly towards the other, to do nothing destructive of the other party's right to enjoy the fruits of the contract, and to do everything that the contract pre-supposes they will do to accomplish its purpose.

51.     Defendant's breach, described in Count IV herein above, constitutes a blatant disregard for its obligations to Plaintiffs and the purpose of the Plaintiff's purchases of the franchised business under the Franchise Agreements.

52.     Furthermore, Defendant failed to perform its obligations under the Franchise Agreement in good faith and in a commercially reasonable manner, and dealt with the Plaintiff in

bad faith, in an unfair manner and in contravention of the intention and spirit of the franchise relationship created by the Franchise Agreement.

53. Defendant's conduct constitutes numerous willful, malicious breaches of its implied duty of good faith and fair dealing.

54. As a direct, proximate, and foreseeable consequence of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered and continue to suffer substantial damages.

**WHEREFORE**, Plaintiffs, respectfully request that this court enter judgment in their favor and enter an award for money damages, actual and compensatory, in an amount to be determined at trial, attorneys' fees and costs incurred in bringing this action and all such other and further relief this honorable Court deems just and proper.

### COUNT VI- FRAUDULENT INDUCEMENT

55. Plaintiff incorporates each and every allegation set forth in paragraphs 1through 26 as if fully set forth herein and further states:

56. Defendant made numerous material false representations to Plaintiff in the FDD disclosure document, such as: (1) misrepresenting its ability to legally offer placement services as a franchise service; (2) promising to provide advertising and promotion materials that could be legally used; (3) grossly misrepresenting the cost of licensing; (4) grossly misrepresenting potential prospective earnings based on a formula that is inapplicable in Florida; and (5) misrepresenting that the franchise could be operating from the home.

57. These representations were made in regard to existing material facts.

58. Defendant made these misrepresentations with the knowledge that such representations were false and with the intent that the Plaintiff would act upon the misrepresentations.

Garrity-Weiss, P.A.
1002 East Newport Center Drive, Suite 102, Deerfield Beach, Florida 33442
Broward (954) 570-6616          Fax (954) 570-6618

GW-M:11070

59.     Defendant's misrepresentations were intended to induce Plaintiff into the Franchise Agreements to Plaintiff's detriment.

60.     Plaintiff acted in justifiable reliance upon Defendant's false representations by entering into the Franchise Agreement.

61.     Plaintiff would not have executed the Franchise Agreement and proceeded to invest substantial amounts of time, effort and money in establishing an Always Best Care franchise but for the misrepresentations and purposeful concealment of material facts by Defendant.

62.     Defendant acted intentionally, willfully and/or recklessly and with wanton disregard for the rights of Plaintiff in making the material misrepresentations and engaging in the deceptive conduct described above.

63.     As a direct, proximate and foreseeable result of Defendant's fraudulent conduct, Plaintiff has suffered and continues to suffer substantial damages.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and enter an award for money damages, actual and compensatory, in an amount to be determined at trial, attorneys' fees and costs incurred in bringing this action and all such other and further relief this honorable Court deems just and proper. Plaintiffs reserve the right to request treble and punitive damages for Defendant's willful and wanton actions.

### COUNT VI- NEGLIGENT MISREPRESENTATION AND OMISSION

64.     Plaintiff incorporates each and every allegation set forth in paragraphs 1through 26 as if fully set forth herein and further states:

65.     Defendant owed a duty to Plaintiff to use care in disclosing material information about the franchise being sold to Plaintiff.

66.     Defendant breached that duty when it negligently made misrepresentations and omissions of existing material fact, discussed in paragraphs 10-25 above, whereby it induced

Plaintiff to execute the Franchise Agreement and invest substantial amounts of time, effort and money in the Always Best Care franchise.

67. In the exercise of reasonable care under the circumstances, Defendant should have known the representations were false or incomplete, so as to deceive.

68. Defendant's misrepresentations and omissions were designed to mislead Plaintiff as to the ease and profitability of the franchised business.

69. But for Defendant's misrepresentations of material existing fact, Plaintiff would not have executed the Franchise Agreement.

70. As a direct, proximate and foreseeable result of Defendant's wrongful and negligent conduct, Plaintiff has suffered and continues to suffer substantial damages.

**WHEREFORE**, Plaintiff respectfully requests the Court enter Judgment in its favor along with an award for money damages, actual and compensatory, in an amount to be determined at trial, and any other relief this honorable Court deems just and proper.

**COUNT VII- RESCISSION**
**(In the alternative)**

71. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 26 as if fully set forth herein and further states:

72. Defendant has engaged in numerous misrepresentations and omissions of material fact, discussed in paragraphs 10-25 above, when it knew or should have known that the facts represented were false.

73. Defendant's misrepresentations and omissions were intended to induce Plaintiff to execute the Franchise Agreement and to invest substantial sums of money and time in the opening of an Always Best Care franchise.

74. Plaintiff had no reason to know the falsity of Defendant's misrepresentations and omissions or question their truthfulness.

Garrity-Weiss, P.A.
1002 East Newport Center Drive, Suite 102, Deerfield Beach, Florida 33442
Broward (954) 570-6616                Fax (954) 570-6618

GW-M:11070

75. Plaintiff's reasonable reliance on Defendant's misrepresentations and omissions of material fact caused it to execute the Franchise Agreement.

76. But for Defendant's misrepresentations and omissions of fact, Plaintiff would not have entered into the Franchise Agreement and proceeded to invest substantial amounts of time, effort and money in operating an Always Best Care franchise.

77. As a direct, proximate and foreseeable result of Defendant's misrepresentations and omissions of material fact, Plaintiffs have suffered and continue to suffer substantial damages.

78. Plaintiffs have no adequate remedy at law against Defendant.

**WHEREFORE**, Plaintiff respectfully requests the Court enter Judgment in its favor along with an award for money damages, actual and compensatory, in an amount to be determined at trial, attorneys' fees and costs incurred in bringing this action, and any other relief this honorable Court deems just and proper.

### COUNT VIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

79. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 26 as if fully set forth herein and further states:

80. Defendant's actions, described in paragraphs 10-25 above, were intentional and/or reckless.

81. Defendant's actions, described herein above, were outrageous.

82. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered emotional distress.

83. Plaintiff's emotional distress was so severe that it caused the co-owner of Plaintiff Corporation to be hospitalized and treated multiple times as a result of her emotional distress.

**WHEREFORE**, Plaintiff respectfully requests the Court enter Judgment in its favor along with an award for money damages, actual and compensatory, in an amount to be determined at

Garrity-Weiss, P.A.
1002 East Newport Center Drive, Suite 102, Deerfield Beach, Florida 33442
Broward (954) 570-6616             Fax (954) 570-6618

GW-M:11070

trial, attorneys' fees and costs incurred in bringing this action, and any other relief this honorable Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed R. Civ. P. 38, Plaintiff hereby demands trial by jury on all issues.

Dated: <u>February 28, 2012</u>

s/ JOSEPH D. GARRITY<br>
Joseph D. Garrity, Esq.<br>
Florida Bar No. 49057<br>
jgarrity@gwlawfirm.net<br>
Suzanne Weiss, Esq.<br>
Florida Bar No. 122718<br>
sweiss@gwlawfirm.net<br>
Christine Traina, Esq.<br>
Florida Bar No. 91238<br>
ctraina@gwlawfirm.net<br>
GARRITY-WEISS, P.A.<br>
1002 E. Newport Center Drive, Suite 102<br>
Deerfield Beach, FL 33442<br>
Tel.: (954) 570-6616<br>
Fax: (954) 570-6618<br>
Attorneys for Plaintiff

14

**Garrity-Weiss, P.A.**
1002 East Newport Center Drive, Suite 102, Deerfield Beach, Florida 33442
Broward (954) 570-6616    Fax (954) 570-6618

GW-M:11070