UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Division

SENIOR SERVICES OF PALM BEACH LLC, )
a Florida Limited Liability Company, )
                                                                      Plaintiff, )
                                                                        v. )                    C.A. No. 9:12-cv-80226 JIC-BSS

ABCSP INC., )
a California Corporation, )
                                                                  Defendant. )

## DEFENDANT'S REPLY IN SUPPORT OF ITS
## MOTION TO COMPEL ARBITRATION AND DISMISS PROCEEDINGS

Susan Yoffee, Esq. (FL Bar No. 511919)
Gary Woodfield, Esq. (FL Bar No. 563102)
HAILE, SHAW & PFAFFENBERGER, P.A.
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
Email: syoffee@haileshaw.com
Email: gwoodfield@haileshaw.com
Ph: (561) 627-8100
Fax: (561) 622-7603

**OF COUNSEL**
Eric L. Yaffe
GRAY, PLANT, MOOTY, MOOTY
  & BENNETT, P.A.
The Watergate – Suite 700
600 New Hampshire Avenue, N.W.
Washington, DC 20037
Email: eric.yaffe@gpmlaw.com
Tel.:   (202) 295-2200
Fax:  (202) 295-2250

Plaintiff's Opposition to ABCSP's Petition to Compel Arbitration is misguided. For the reasons discussed below, Plaintiff cannot avoid the fact that this litigation is improper and should have been brought in arbitration, as required by the Franchise Agreement and Multi-Unit Development Agreement (collectively "Franchise Agreements"). Indeed, on February 23, 2012, prior to Plaintiff filing this action, ABCSP filed a demand for arbitration (as required by the Franchise Agreements) with the AAA.

I.   **Validity of the Arbitration Clause Must be Determined by the Arbitrator.**

Contrary to Plaintiff's assertion, pursuant to both Florida and California law, in this case it is an arbitrator, not a court, who should decide the validity of the arbitration clause.[1] (Pls. Opp'n ("Opp'n") at 6.) Plaintiff cites to *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006) in support of its argument that it is not challenging "arbitrability of the claims" against ABCSP, which it agrees would be appropriately determined in arbitration, but rather is challenging the "validity of the Arbitration Clause itself," which it claims is "a preliminary matter that must be determined by the courts before the issue of arbitrability may arise." (Opp'n at 3-4.) Plaintiff's argument is based on the mistaken belief that the *Buckeye* court's holding that "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator," *Buckeye Check Cashing, Inc.*, 546 U.S. at 449, implies that a challenge to the validity of the arbitration clause must be decided by the court. This conclusion is incorrect. The Supreme Court in *Rent-A-Center, W., Inc. v. Jackson*, 130 S. Ct. 2772 (2010), while discussing the applicability of *Buckeye* and this very issue, reaffirmed the principle that parties can agree to arbitrate "gateway" questions of "arbitrability," such as whether the parties

---

[1] The United States Supreme Court recently confirmed the strong federal policy favoring arbitration in *AT&T Mobility LLC v. Concepcion*, 563 U.S. __, 131 S. Ct. 1740 (2011). That case noted "a national policy favoring arbitration, . . . and a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Id.* at 1749 (quotations omitted).

1

have agreed to arbitrate or whether the arbitration agreement is valid. 130 S. Ct. at 2777. *Jackson* also confirmed that a provision delegating to the arbitrator authority to determine the validity of an arbitration agreement bars a court from adjudicating a party's claim of unconscionability unless that claim is based on alleged unconscionability of the delegation provision itself. *Id.* at 2779 ("unless Jackson challenged the delegation provision specifically, we must treat it as valid under § 2 [of the FAA] and must enforce it under §§ 3 and 4").

As discussed in ABCSP's initial brief, the arbitration provision at issue expressly states that the AAA Rules apply. (ABCSP's Memo. in Supp. of Mot. to Compel Arb. ("Memo") at 7.) Rule 7(a) of the AAA Rules provides that "the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Plaintiff's Complaint does not suggest that the delegation provision is unconscionable. In fact, the Complaint does not so much as *refer* to the delegation provision, much less challenge it. Indeed, in its Opposition, Plaintiff admits that the incorporation of the AAA Rules into an arbitration clause requires that the issue of arbitrability be decided by the arbitrator, not the court. (Opp'n at 3-4.) The same principle applies to the determination of the validity of the arbitration clause itself. In the absence of a specific challenge to the delegation clause, this Court should refer to the arbitrator the issue of the validity of the arbitration clause. *See Jackson*, 130 S. Ct. at 2779; *Valley Power Sys. v. GE*, 2012 U.S. Dist. LEXIS 26228, *12 (C.D. Cal. Feb 27, 2012) (finding that by selecting the ICDR Rules, the parties manifested their clear and unmistakable intent that the arbitrators, not the court would decide whether there is an enforceable agreement to arbitrate) (attached hereto as Ex. 1); *see also Awuah v. Coverall N. Am., Inc.*, 554 F.3d 7, 11 (1st Cir. 2009) (recognizing that "the *validity* of an arbitration clause is itself a matter for the arbitrator where the agreement so provides") (emphasis added); *Terminix*

2

*Int'l Co. v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005) (concluding that by incorporating the AAA commercial arbitration rules into their arbitration agreement, and specifically the rule which provides that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or *validity* of the arbitration agreement," the "parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is *valid*") (emphasis added).

## II.     The Arbitration Clause is Not Unconscionable.

Plaintiff alleges that the arbitration clause is procedurally unconscionable because the Franchise Agreements were pre-made forms offered by ABCSP, which had superior bargaining power, the arbitration clause was "clearly non-negotiable," and it was presented to Plaintiff on a take it or leave it basis. (Opp'n at 8.) This argument is inaccurate. Plaintiff fails to address the Modification Agreement negotiated and entered into by the parties. (Ex. 1A to Memo (Modification Agreement).) This Agreement reflected multiple negotiated changes to the form Franchise Agreements, including changes relating to the payment of fees and licensure requirements. (*Id.*) Moreover, Plaintiff does not allege that Vivian Torres was unable to make changes to the arbitration provision, nor does it state that she tried but was unable to negotiate changes to the arbitration provision. *See Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (2001) (finding unconscionability is shown by imposing a contract upon a party without providing an opportunity to negotiate the terms). Plaintiff's statement that the arbitration provision was "clearly non-negotiable" is simply not true. (Opp'n at 8.) The simple fact is that Torres had the opportunity to negotiate changes to the Franchise Agreements, including the arbitration clause, and decided only to negotiate the changes that are included in the

Modification Agreement, reflecting her general satisfaction with the arbitration clause (and the remainder of the Franchise Agreements). (Newman Cert. ¶ 4, attached hereto as Ex. 2.)

In an attempt to paint Torres as a naïve party with unequal bargaining power, Plaintiff states, without any factual support, that she was in a "substantially weaker bargaining position" and that she was a "first time franchise owner" and was "without any experience in the area of franchise purchases and negotiations." (Opp'n at 9-10.) Other than these unsupported assertions, Plaintiff presents no evidence that Torres was a naïve or unsophisticated investor or that ABCSP was the stronger party. Indeed, Torres' background shows her sophistication in matters relating to healthcare. (*See* Ex. 1 to Memo at ¶ 6.) Prior to joining the ABCSP franchise system, she was involved in health care finance and administration and had at least ten years of health care and health care finance experience when she purchased the ABCSP franchise. (*Id.*) She was a founding partner of an international claims management company, and had: (1) administered managed care, financial budgeting, physician compensation contract analysis, and operations and accounting functions for a medical center management services organization; (2) developed and managed a budget for over eighty hospital employed physicians; and (3) developed financial models for reviewing physician compensation and bonus structure. (*Id.*) She also has a Master of Science in Industrial Engineering and participated in various health care associations, including the Health Information Management Systems Society and the Institute for Diversity in Health Management. (*Id.*) Torres is an experienced, sophisticated, well-educated businesswoman with extensive experience in healthcare. *See Higgins v. Superior Court*, 45 Cal. Rptr. 3d 293, 304 (2006) (highlighting procedural unconscionability in arbitration agreement when given to "young, unsophisticated" parties). She cannot now come in and say she was a naïve party.

Torres' representation by legal counsel during the negotiations for the franchise is further evidence of her sophistication and understanding of the terms of the Franchise Agreements and her (at least) equal bargaining power. (Ex. 1 to Memo at ¶ 4); *see Madden v. Kaiser Foundation Hospitals*, 17 Cal. 3d 699, 710 (1976) (finding that "the principles pertaining to adhesion contracts used to bar enforcement of an arbitration provision only affect contractual provisions imposed by the stronger party upon the weaker which unfairly limit the duties or liability of the stronger. They do not apply to the arbitration provision in this case, a product of negotiations between parties possessing parity of bargaining strength"). In the circumstances present here, it is the height of audacity for Plaintiff to come to this Court and argue that Torres is a naïve, unsophisticated party, lacking power to negotiate the Franchise Agreements.

Plaintiff's Opposition also includes an analysis discussing California's rejection of "the notion that the availability of substitute employment, goods or services alone can defeat a claim of procedural unconscionabiliy." (Opp'n at 9.) It is unclear why Plaintiff included this analysis in its Opposition. ABCSP's initial brief did not raise this issue, nor did it need to because the arbitration clause is not procedurally unconscionable. Plaintiff's analysis focuses on various courts' holdings that the availability of alternative "employment, goods or services *alone*" (emphasis added) cannot defeat a claim of unconscionability. (*Id.* at 9-10.) As discussed, the arbitration clause was not procedurally unconscionable for multiple reasons – the parties clearly negotiated the Franchise Agreements, as demonstrated by the Modification Agreement, Torres had an opportunity to negotiate the arbitration clause but chose to accept it as presented, and Torres and ABCSP were in at least equal positions of bargaining power. (Newman Cert. ¶ 4, attached as Ex. 2.) There are multiple reasons why Plaintiff's claim of procedural unconscionability is untenable.

Plaintiff further claims that the arbitration clause is non-mutual and one-sided and therefore substantially unconscionable because it contains "unfair terms." (Opp'n at 11.) Specifically, Plaintiff argues that ABCSP's ability to go to court on certain claims, while Torres cannot, renders the arbitration clause unconscionable. (*Id.*) Plaintiff, however, fails to show that Torres would have any need to go to court for any of the claims carved out for ABCSP (claims for the collection of franchise fees owed and claims for injunctive relief). Rather, these claims are usually brought by franchisors and require immediate resolution. Plaintiff also overlooks the provision in the Franchise Agreement permitting *both parties* to institute a court proceeding for injunctive relief and contemporaneously submit the dispute to arbitration on the merits. (Compl. at Ex. A (Franchise Agreement) ¶ 20.3.) Further, Plaintiff argues that because ABCSP is permitted to go to court on certain issues it is "the only party that can compel arbitration." (Opp'n at 11.) This assertion is inaccurate. ABCSP's ability to bring an action for injunctive relief does not mean it is the only party that can compel arbitration. The bottom line, under any fair reading of the arbitration clause, is that both parties may bring multiple claims in court[2], both parties must bring all other claims in arbitration, and both parties have the ability to compel arbitration. (Compl. at Ex. A (Franchise Agreement) ¶ 20, (Multi-Unit Development Agreement) ¶ 8); *see Maggio v. Windward Capital Management Co.*, 80 Cal. App. 4th 1210, 1214 (2000).

Plaintiff also misconstrues ABCSP's citation to *Armendariz v. Health Psychcare Services*

---

[2] The Agreements provide that the following disputes are not subject to arbitration: 1. disputes and controversies arising from the Sherman Act, the Clayton Act or any other federal or state antitrust law; 2. disputes and controversies based upon or arising under the Lanham Act relating to the ownership or validity of the Proprietary Marks or any other trademarks; and 3. disputes and controversies relating to actions to obtain possession of the premises of the Business under lease or sublease. (Compl. at Ex. A (Franchise Agreement) ¶ 20.6(c), (Multi-Unit Development Agreement) ¶ 8.1.1(c).)

*Inc.*, 6 P.3d 669 (Cal. 2000), which held that an arbitration agreement need only have a "modicum of bilaterality" to be enforceable under California law. Plaintiff argues that *Armendariz* is factually identical to this case. (Opp'n 11-12.) However, the court in *Armendariz* found that it was "unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee." *Armendariz*, 6 P.3d at 770. Here, while the Agreements carve out exceptions to arbitration for *both* ABCSP and Plaintiff, each was required to bring the majority of its claims in arbitration. (Compl. at Ex. A (Franchise Agreement) ¶ 20, (Multi-Unit Development Agreement) ¶ 8.) There is nothing one-sided about this mutual requirement and Plaintiff fails to demonstrate otherwise.

Plaintiff's citation to *Stirlen v. Supercuts. Inc.*, 60 Cal. Rptr. 2d 138 (Cal. Ct. App. 1997) is similarly misplaced. There, the court found that multiple parts of the arbitration provision were unconscionable, including its unilateral limitation on damages the plaintiff could recover, its unilateral shortening of the statute of limitations for the plaintiff to bring a claim, and its unilateral elimination of the plaintiff's rights to recover for many statutory and common law actions. *Id.* at 1540-42. These limitations only applied to the plaintiff and not to its employer; thus, the court found that there was no "modicum of bilaterally" in the arbitration provision. *Id.* at 1541. Here, Plaintiff does not and cannot show that the arbitration provision contains any of these unilateral restrictions. *Stirlen's* lack of "bilaterally" does not exist in this case.

Plaintiff's citation to *Kinney v. United Healthcare Servs.*, 83 Cal. Rptr. 2d 384 (Cal. Ct. App. 1999) is also unavailing. The court in *Kinney* addressed the absence of a "modicum of bilaterally" due to a party's "unilateral obligation to arbitrate." *Id.* at 354. As discussed, here the arbitration clause carves out exceptions for arbitration for both parties and requires them to bring

the majority of their claims in arbitration. The unconscionability in *Kinney* does not apply here.

Plaintiff cites to *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006) in support of its assertion that California law finds arbitration clauses unconscionable when they contain a forum selection clause that "constitutes an unduly burdensome place and manner restriction." (Opp'n at 13.) ABCSP addressed this argument in its initial brief, which Plaintiff ignores. (Memo at 12-14.) *Nagrampa* does not stand for the proposition that forum selection clauses are unconscionable under California law. Rather, the Ninth Circuit has recognized that forum selection clauses generally are *valid* and should be given effect unless enforcement would be unreasonable. *Nagrampa*, 469 F.3d at 1287-88 ("to assess the reasonableness of the 'place and manner' provisions in the arbitration clause, we must take into account the 'respective circumstances of the parties.'"). The court found that forum selection provisions are only unreasonable when the remote forum would work a "severe hardship" upon the franchisee and would unfairly benefit the franchisor by effectively precluding the franchisee from asserting any claims against it. *Id.*

In determining that the arbitration provision in *Nagramapa* was substantively unconscionable, the court considered a variety of factors, including: (1) the hardship the forum selection clause would impose on the franchisee in traveling to the out-of-state forum (specifically, requiring a California franchisee to arbitrate in Massachusetts); (2) the significant California protections that would be lost if another state's laws were applied to the arbitration; (3) the unequal bargaining power of the parties resulting in an oppressive contract in adhesion; and (4) the fact that the franchisee had no reason to expect the arbitration would take place in an out-of-state forum where the franchise-offering circular suggested the out-of-state forum selection and choice of law clauses may not be enforceable under California law. *Id.* at 1288-90.

The *Nagrampa* court's reasoning is distinguishable from the facts presented here. First, the *Nagrampa* court relied primarily upon California statutory law offering protections to California citizens that are inapplicable in this case. *Id.* at 1289, 1292-93. Moreover, the court was concerned that the forum selection provision at issue placed venue in a location so prohibitively costly to the plaintiff "that she was precluded from participating in the proceeding." *Id.* at 1290. The court also concluded that the out-of-state forum selection might not be enforceable under California law because of, in part, the possible application of California statutory limitations and portions of the California Business Professional Code, as well as California public policy concerns that require "honest disclosures to franchisees." *Id.* These statutory and Professional Code considerations are not at issue here.

Further, in *Nagrampa*, the franchisor sought to enforce a choice of forum provision that the franchisor had previously listed in the UFOC as likely unenforceable under California law. *Id.* at 1290. Accordingly, Nagrampa, a California resident, had justifiably believed she could seek resolution of her complaint in California and was unfairly surprised to learn she would have to participate in arbitration in Boston, Massachusetts. *Id.* at 1285-86, 1289. No comparable facts are at issue here. The Franchise Agreements and Franchise Disclosure Document provided to Plaintiff before it entered into the franchise relationship with ABCSP specifically stated that, except for certain claims, all disputes must be arbitrated in California. (Compl. at Ex. A (Franchise Agreement) ¶ 20.6; (Multi-Unit Development Agreement) ¶ 8.1; Compl. at Ex. B (FDD) State Cover Page and Item 17.) Any assertion that Plaintiff had reason to believe that arbitration would take place anywhere other than California is spurious.

Finally, Plaintiff argues, without any support, that expense and inconvenience renders arbitration in California unconscionable. (Opp'n 13-14.) While arbitrating in California may

increase Plaintiff's costs and cause some inconvenience, this is not enough to invalidate the forum selection provision in the arbitration clause. *See Smith, Valentino & Smith, Inc. v. Superior Court of Los Angeles Cty.*, 17 Cal. 3d 491, 496 (1976) (noting when considering whether a forum selection clause is enforceable that "[m]ere expense or inconvenience is not the test of unreasonableness. . . .").

Moreover, even if Plaintiff had met its burden of showing that some portions of the arbitration clause are substantively unconscionable (which it has not), any unconscionable portions could be severed from the remainder of the agreement, leaving the remaining provisions to be considered by the arbitrator. *See Bolter v. Superior Court*, 104 Cal. Rptr. 2d 888, 895 (2001). In *Bolter*, the court considered an unconscionability challenge to the arbitration clause of a contract. Even though the court found portions of the arbitration clause to be substantively unconscionable, it found that the unconscionable provisions of the clause could be severed, leaving intact the choice of arbitration for adjudication. *Id.* Just as in *Bolter*, Plaintiff here has failed to make a showing that the Franchise Agreements or the arbitration clause is "permeated with unconscionability." *See Armendariz*, 24 Cal. 4th at 124-25 ("Permeation is indicated by the fact that there is no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement"). As noted above, Torres was sophisticated and represented by counsel at the time she knowingly agreed to the arbitration clause. Any provision that this Court finds unconscionable can be severed from the Franchise Agreements, leaving the remaining provisions subject to enforcement by the arbitrator.

## CONCLUSION

For the above-stated reasons, ABCSP respectfully requests that the Court grant its motion to compel arbitration and dismiss this action.

Respectfully submitted,

HAILE, SHAW & PFAFFENBERGER, P.A.
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
Email: syoffee@haileshaw.com
Email: gwoodfield@haileshaw.com
Ph: (561) 627-8100
Fax: (561) 622-7603

By: ___/s/ Susan Yoffee___
    Susan Yoffee, Esq.
    FL Bar No. 511919
    Gary Woodfield, Esq.
    FL Bar No. 563102

**OF COUNSEL**
Eric L. Yaffe
GRAY, PLANT, MOOTY, MOOTY
& BENNETT, P.A.
The Watergate – Suite 700
600 New Hampshire Avenue, N.W.
Washington, DC 20037
Email: eric.yaffe@gpmlaw.com
Tel.:   (202) 295-2200
Fax:   (202) 295-2250

Dated: April 26, 2012
North Palm Beach, FL

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2012, a copy of the foregoing **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS PROCEEDINGS** was served via ECF on:

Joseph Garrity, Esq.
Suzanne Weiss, Esq.
Christine Traina, Esq.
Garrity-Weiss, PA
1002 E. Newport Center Dr., Suite 102
Deerfield Beach, FL 33442
Attorneys for Plaintiff

/s/ Susan Yoffee